STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
KELIER VELASQUEZ-JOSSEL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     PLAINTIFF,<br><br>v.<br><br>KELIER VELASQUEZ-JOSSEL,<br>     DEFENDANT. | CR 19-483 EMC<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>HONORABLE EDWARD M. CHEN<br>DATE: FEB. 5, 2020<br>TIME: 2:30 P.M. |

CR 19-483 EMC
Defendant's Sentencing Memorandum

1

## INTRODUCTION

When he was only 13 years old, Kelier Velasquez found himself targeted for recruitment by the criminal gang that terrorized his village in Honduras. He fled and managed to make it to Washington D.C., where he was placed with a foster family. He spent the next several years in foster care, moving to three different states. Now 21 years old, Mr. Velasquez has pled guilty to a violation of 21 U.S.C. § 841 for selling $16.00 worth of cocaine base to an undercover officer in the Tenderloin. It is his only criminal conviction. As a result of this conviction, he will be deported back to Honduras, where the gang continues to run rampant through his village. A sentence of time served would be more than sufficient to punish Mr. Velasquez for conduct and serve the goals of sentencing.

## DISCUSSION

Kelier Velasquez's history and the nature of this offense warrant a sentence of time served, which represents a slight variance from the advisory Guideline recommendation. Because he has no criminal history whatsoever, Mr. Velasquez is category I. Because this offense involved less than 2.8 grams of cocaine, his offense level is 10. This results in an advisory guidelines recommendation of between 6-12 months. U.S.S.G. § 2D1.1. Mr. Velasquez's Guideline recommendation falls into Zone B of the sentencing table so the Guidelines allow for home confinement in lieu of a term of imprisonment, as long as one month is served in custody. U.S.S.G. § 5C1.1(c). Mr. Velasquez has already been in custody since October 7, 2019. Thus, even without a variance, the Guidelines do not require further incarceration.

Consideration of the factors enumerated in 18 U.S.C. § 3553(a), however, compel the conclusion that a variance is warranted here. Mr. Velasquez grew up in a small village in Honduras, where he stayed with his grandmother while his mother worked in the capital. His village was plagued by gang violence: gang members routinely terrorized the residents and forcibly recruited young boys. To escape the gang, Mr. Velasquez fled to the United States when

CR 19-483 EMC
Defendant's Sentencing Memorandum

he was only 13 years old. He was placed in foster care and lived with strangers in Washington D.C., Utah, and Denver before coming to California. PSR ¶¶ 29-31. He found work as cook's assistant, a janitor, a painter, and, most recently, as a warehouse worker. PSR ¶ 40. This is his only criminal conviction and the only time he has ever been in custody. PSR ¶¶ 21-27. His history and characteristics thus warrant the two-month variance he is requesting. *See* 18 U.S.C. § 3553(a)(1).

The nature and circumstances of this offense similarly support a variance from the advisory guideline range. *See* 18 U.S.C. § 3553(a)(1). Mr. Velasquez sold an undercover officer a third of a gram of cocaine base[1] for $16.00. PSR ¶ 6. Despite his youth, despite the fact that he had no criminal record, and despite the scale of his crime, Mr. Velasquez was charged with a felony in federal court. He was not afforded the opportunity to participate in a diversion program or any of the other rehabilitative options that would be available in state court for a young, first-time, low-level offender. The four months he has spent in custody already constitute his longest (and only) jail sentence. PSR ¶¶ 21-27.

Finally, the small variance Mr. Velasquez is requesting is justified in light of the devastating collateral consequences of this federal conviction. After serving his sentence he will almost certainly be deported to Honduras, where he will be forced to confront the gang violence that he fled eight years ago.

///
///
///
///
///
///

---

[1] A lab report provided subsequent to the filing of the PSR shows that the cocaine Mr. Velasquez sold weighed .361 of a gram; after adjusting for purity it consisted of .292 of a gram of cocaine.

CR 19-483 EMC
Defendant's Sentencing Memorandum

# CONCLUSION

Kelier Velasquez is 21 years old and this low-level drug sale is his only criminal conviction. The four months he has already spent in custody is sufficient, but not greater than necessary, to serve the goals of 18 U.S.C. § 3553(a) in this case.

Dated: January 29, 2020

          Respectfully submitted,

          STEVEN G. KALAR
          Federal Public Defender

          _/S/_
          ELLEN V. LEONIDA
          Assistant Federal Public Defender